**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02414-GPG

LAZARO AGUILAR #148078,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
LIMON CORRECTIONAL FACILITY,
COLORADO STATE PENETENTRY [sic],
STERLING CORRECTIONAL FACILITY, and
CENTENNIAL CORRECTIONAL FACILITY,

      Defendants.

---

## ORDER DENYING RECUSAL

---

      Before the Court is Plaintiff Lazaro Aguilar's "Motion Requesting Change of Venue." (ECF No. 5; Oct. 7, 2016). In the motion, Plaintiff requests that I and Senior District Judge Babcock not be assigned to his case due to an alleged conflict of interest. (*Id.*). Plaintiff identifies other cases he has filed in this District as the basis for the alleged conflict of interest. (*Id.*). However, he provides no other allegations or explanations in support of the alleged conflict of interest. (*Id.*).

      The Court must liberally construe Plaintiff's filings because he is not represented by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See id.* The Court construes the "Motion Requesting Change of Venue" as a motion requesting recusal. The motion will be denied.

1

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a).   Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).   Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."   *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted).   The standard is "purely objective" and the inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom."   *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request that the presiding judge recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.   Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.   *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).   "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."   *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.   *See Glass*, 849 F.2d at 1267.   The movant has a substantial burden "to demonstrate that the judge is not impartial."   *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

2

Plaintiff has not submitted a timely and sufficient affidavit of personal bias and prejudice.   He fails to make any reasoned argument that would demonstrate an appearance of partiality or bias.   It appears that Plaintiff merely disagrees with the Court's orders entered in other cases he has filed in this District.   "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) ("Unfavorable judicial rulings . . . are insufficient grounds for recusal.").   Plaintiff's vague and conclusory allegations of a conflict of interest do not meet his burden of proving a basis for recusal.

I do not discern any nonconclusory allegation in the motion that would call into question the impartiality of this magistrate judge.   A judge has a strong obligation not to recuse when there is no legitimate reason to recuse.   *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).   Plaintiff's allegations, therefore, fail to establish that I have any personal bias or prejudice against him, and I will not recuse myself from this case.

Plaintiff has also requested that Judge Babcock not be assigned to this case. Judge Babcock may separately address this request in due course.

To the extent the motion may be construed to seek a change of venue, such request will be denied.   Under the general venue statute, 28 U.S.C. § 1391(b), venue is proper in a judicial district where the defendants reside, where a substantial part of the events or omissions giving rise to the claims occurred, or, if there is no district in which the action may otherwise be brought, in a district where the defendants are subject to personal jurisdiction.   The change of venue provision, at 28 U.S.C. § 1404(a), states, *inter alia*, that the Court may, in the interest of justice, transfer an action to any other

district court where the action might have been brought, or to any district to which all parties have consented.   Under 28 U.S.C. § 1404(b), a civil action may be transferred from the division in which it is pending to any other division in the same district upon motion, stipulation, or consent of the parties.

In this case, the defendants are Colorado state entities, and the events or omissions giving rise to Plaintiff's claims occurred in Colorado.   Plaintiff fails to show that venue is proper in any jurisdiction other than the District of Colorado.   In addition, the defendants have not yet been served in this action and have not consented to transfer venue to another district or to another division within the District of Colorado. Consequently, the request for a change of venue is not authorized by federal statute.

Accordingly, it is

ORDERED that the "Motion Requesting Change of Venue" (ECF No. 5) is **DENIED**.

DATED October 11, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge